WO                              NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamar Johnson,<br><br>        Plaintiff,<br><br>v.<br><br>Bank of America NA,<br><br>        Defendant. | No. CV-16-04410-PHX-JJT<br><br>**ORDER** |

      The Court has reviewed the parties' Joint Motion for Approval of Settlement (Doc. 20). Finding that the settlement to which the parties have agreed represents a fair and reasonable resolution of a *bona fide* dispute within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., the Court will grant the Motion (Doc. 20) and approve the settlement agreement. The Court also has reviewed the parties' Joint Motion for Leave to File Confidential Settlement Agreement Under Seal in Support of Joint Motion for Approval of Settlement (Doc. 19). Upon consideration of the relevant controlling authority, the Court will grant in part and deny in part that Motion (Doc. 19).

      *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) provides that a party ordinarily must show compelling reasons to keep a court document under seal. This is because "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978).

1  The presumption of access is based on the need for federal courts to have a measure of accountability and, importantly, for the public to have confidence in the administration of justice. *See Valley Broad Co. v. U.S. Dist. Court__D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (the presumption of public access "promotes the public's understanding of the judicial process and of significant public events."). The above point is particularly meaningful in a case like this one. The parties place the settlement agreement before the Court because they must; the FLSA requires the Court to determine whether the agreement is fair and reasonable.

As the parties point out, the standard of showing may be reduced from "compelling reasons" to "good cause" in certain circumstances for previously sealed materials attached to discovery motions. *Foltz v. State Farm Mut. Auto Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Ninth Circuit clarified the ambit of the good cause standard in *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2015). *Chrysler* made clear that where the material is attached to a motion that is "more than tangentially related to the merits of a case," the compelling reasons standard shall continue to apply.[1] 809 F.3d at 1101. Where only tangentially related, the material may be sealed with a showing of good cause. *Id.*

In the present case, the material the parties seek to seal in whole appears in a settlement agreement that the Court must by law review and approve. It is hard to imagine a document more core to the disposition of this matter. If upon review, the Court rejects the settlement agreement, the matter continues; if it approves the agreement, the matter will be disposed. In other words, the settlement agreement, in the context of an FLSA matter, is anything but tangentially related. A showing of compelling reasons to

---

[1] The parties argue that the good cause standard applies "because the parties have not filed a dispositive motion." (Doc. 19 p. 3.) This is precisely the basis for the district court's sealing of the challenged materials in *Chrysler*—and the argument the Ninth Circuit rejected in reversing the lower court's decision. The Court made clear that the test was not whether the motion to which the materials at issue are attached is dispositive, but whether the motion is more than tangential to the merits of the case or not.

seal the entire document is thus required, and the Court finds that no such showing has been made.

An in-circuit case the parties cite in their Motion makes this clear. The court in *Hummel v. Bimbo Bakeries*, 2015 U.S. Dist. LEXIS 126077, *7-8 (N.D. Cal. Sept. 21, 2015), rejected the defendant's unopposed motion to file the entire settlement agreement in an FLSA matter under seal under circumstance very similar to this case, and in the face of arguments indistinguishable from those the parties make here. After noting that the legal requirement for a court to determine the fairness and reason of settlement agreements in FLSA cases takes such cases outside the general class of cases where settlement agreements ordinarily remain confidential, the court in Hummel noted the public's "independent interest in assuring that employees' wages are fair, and thus do not endanger the national health and well-being." *Id*. (citing *Joo v. Kitchen Table, Inc*., 763 F. Supp. 2d 643, 645 (S.D.N.Y. 2011).

The court in *Hummel* rejected the defendant's argument that the parties' interest in confidentiality alone or the defendant's desire to avoid "copycat" litigation by other employee-plaintiffs constituted a compelling reason to file the agreement under seal in light of the public interests at stake in FLSA actions. *Id*.; *see also Foltz*, 331 F.3d at 1137 (holding that exposure to liability in other actions is not a compelling reason outweighing the presumption of public access). While *Hummel* is not controlling, the Court here finds its reasoning persuasive.

The Court therefore will deny the parties' motion insofar as it seeks to seal the entire settlement agreement. As the court found in *Hummel*, however, the Court here finds that the parties have satisfied the compelling interest test to justify the sealing of the settlement amounts themselves, as the Court recognizes the public interest in not discouraging settlements. This is particularly true, as here, in the context of an individual settlement. For the above reasons,

IT IS ORDERED granting in part and denying in part the parties' Joint Motion for Leave to File Confidential Settlement Agreement Under Seal in Support of Joint Motion

for Approval of Settlement (Doc. 19). No later than June 6, 2017, the parties shall jointly file a copy of the settlement agreement on the docket redacting all references to the settlement amount or components thereof in Sections 2, 2a and 2b of the agreement. The Clerk shall file under seal the unredacted version of the agreement currently lodged under seal at Document 21.

IT IS FURTHER ORDERED granting the parties' Joint Motion for Approval of Settlement in this matter (Doc. 20).

IT IS FURTHER ORDERED dismissing with prejudice this action and directing the Clerk of Court to close the matter.

Dated this 30th day of May, 2017.

_____
Honorable John J. Tuchi
United States District Judge